FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

November 18, 2022

**VIA ECF**

Honorable Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Liang *et al.* v. Bioreference Laboratories, Inc.
> Case No.: 22-cv-027 (HG)

Dear Judge Gonzalez:

    Along with The Legal Aid Society, this firm represents Plaintiffs Huimin Liang, Yu Jun Peng, Yuan Sang, Jia Lei Wang, Yan Ling Xu, Yun Zheng, and Wendy Zhong in the above-captioned matter. The parties write to respectfully request that the Court approve their settlement as fair and reasonable and so order the Stipulation of Dismissal that is attached to this letter (**Exhibit 1**).

### 1. Background to the Case and Procedural History.

    Plaintiffs are immigrant medical professionals from China or Taiwan working as phlebotomists for Defendant, a full-service specialty laboratory. Over many years, Plaintiffs worked at various centers in Manhattan, Brooklyn, and Queens. In performing their duties, Plaintiffs allege that because they had to perform additional work not part of their job description, they regularly worked beyond their schedule and therefore more than 40 hours a week for which they were not paid. Specifically, Plaintiffs claims that they worked, on average, 45 minutes of off-the-clock work a day. Plaintiffs therefore brought claims under the Fair Labor Standards Act and New York Labor Law.[1]

---

[1] Plaintiffs also alleged that Defendant discriminated against them because of their race and national origins. Plaintiffs have asserted in this suit Title VII, Section 1981, New York Labor Law, New York State Human Rights Law, and New York City Human Rights Law claims. The parties have settled these non-wage discrimination claims separately via a separate agreement. Courts in this Circuit regularly approve such bifurcated settlements and do not review the non-wage agreements. Pavone v. Diesel U.S.A., Inc., No. 21 CIV. 5219 (PAE), 2022 WL 1177344 (S.D.N.Y. Mar. 2, 2022); Shavis v. Pay-O-Matic Check

In discovery, Defendant produced Plaintiffs' time and pay records. Using these records, Plaintiffs calculated their overtime damages to total $101,913.62, plus liquidated damages in the same amount, and $60,000 total for alleged violations of NYLL § 195.

### 2. Settlement Discussions and Damages.

In September 2022, prior to engaging in depositions, the parties attended mediation before Stephen Sonnenberg, Esq., an experienced Labor and Employment mediator. The parties reached an agreement at the end of the mediation to settle Plaintiffs' FLSA and NYLL claims for $150,000 (**Exhibit 2**). Plaintiffs will receive $125,250 and Plaintiffs' counsel will receive 16.4% of the settlement for a total of $24,616. Plaintiffs will receive half their payment via an IRS W-2 form and the remaining amount via an IRS 1099 form. Plaintiffs' counsel will not be reimbursed for costs under this agreement. In exchange for this payment, Plaintiffs agree to release all wage-related claims. There are no nondisparagement or confidentiality provisions in the agreement, although Defendant has agreed to provide a neutral reference to any of Plaintiffs' prospective employers.

### 3. The Court Should Approve the Settlement.

The settlement is fair and reasonable, and the parties therefore request that the Court approve it. A number of courts have reviewed the following factors in determining whether to approve a settlement: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Caceres v. Brentwood Farmers Martket, Inc., No. CV 20-3476 (AKT), 2021 WL 3276637, at *1 (E.D.N.Y. May 4, 2021).

The settlement is fair and reasonable. First, the recovery itself is excellent. Plaintiffs are receiving approximately $125,000 under the agreement after attorneys' fees, which is significantly more than their best-case FLSA and NYLL overtime damages totaling $101,913.62. In addition, settlement allows the parties to avoid the burden and expenses of litigation. The next step in this case would be for the parties to take depositions and for Plaintiffs to move for conditional and class certification under the FLSA and Rule 23. If these motions are granted, the parties would have to engage in class discovery, including extensive document discovery and further depositions. The parties would then engage in dispositive motion practice and then trial and appeals. All of this work would require substantial expenditures in time and resources. A settlement allows the parties to avoid that.

---

Cashing Corp., No. 19 CV 484 (CBA) (LB), 2019 WL 4919782, at *2, n.1 (E.D.N.Y. Aug. 22, 2019), report and recommendation adopted, No. 19-CV-00484(CBA)(LB), 2019 WL 4918090 (E.D.N.Y. Oct. 4, 2019).

Third, settlement allows Plaintiffs to avoid the risk of litigation. Plaintiffs bear the risk that the Court will not accept their off-the-clock work claims. Plaintiffs also bear the usual risks of litigation, such as motion practice and trial, and the delays that such a process would entail, especially given the COVID-related delays in the Court.

Fourth and Fifth, the agreement is a product of arms-length negotiating and is not the result of collusion or fraud. The mediator helped the parties reach the settlement and each of the attorneys zealously represented their respective clients and vigorously negotiated the settlement.

Further, none of the terms in the agreement are problematic. The releases are limited to only wage claims. There are no confidentiality or nondisparagement clauses even though Defendant is agreeing a neutral reference clause. The agreement therefore is fair and reasonable.

The attorneys' fees are fair and reasonable as well, as both the hourly rates and the hours expended are reasonable. Under the agreement, my firm will receive $24,616, which is only 16.4% of the settlement amount. Courts in FLSA cases often award fees of as high as "one-third of the total settlement amount." Najera v. Royal Bedding Co., LLC, No. 13-CV-1767 NGG MDG, 2015 WL 3540719, at *2 (E.D.N.Y. June 3, 2015) (collecting cases approving fees totaling 33.3%); Shamsundar v. FCS Grp. LLC, No. 18CV2514KAMLB, 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019) (noting that "[c]ourts in this district generally find 33% of the overall settlement, mirroring the one-third contingency fee arrangement to be reasonable.")

Even applying a lodestar check, the fees remain reasonable. As the Second Circuit reiterated, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020). Here as noted above, Plaintiffs are receiving more than 100% of their overtime damages. Unsurprisingly, each Plaintiff accepted the settlement, which they will receive without having to sit for depositions or trial. Regarding calculating the lodestar, as will be explained below, my firm's lodestar is $10,815.00.[2] Plaintiffs are therefore requesting a lodestar of $2.09, which is below lodestars approve by courts. Riveras v. Bilboa Rest. Corp., No. 17-CV-4430-LTS-BCM, 2018 WL 8967112, at *1 (S.D.N.Y. Dec. 14, 2018) (awarding a 6.7 lodestar because "[a]pplying a lower lodestar multiplier may result in penalizing plaintiffs' counsel for achieving an early settlement."); Pinzon v. Jony Food Corp., No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (awarding a 5.23 multiplier and "recognizing the importance of encouraging the swift resolution of cases . . . and avoiding creating a disincentive to early settlement —particularly where such settlement has provided Plaintiff with a substantial and speedy result.").

I am the only admitted attorney who worked on this case from my firm. I am requesting an hourly rate of $450. I am a partner at Fisher Taubenfeld LLP. I was

---

[2] This amount does not include the hours Ms. Schalet and Mr. Young, the attorneys employed by The Legal Aid Society, worked on this case.

3

admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law.  I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (JFB)(AKT). I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020).  I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA.  I have also been named a "Rising Star" by Super Lawyers and Fisher Taubenfeld LLP bills my work at $495 an hour to non-contingency based clients.  Another court in this Circuit recently approved as much as $500 an hour for a named partner in a FLSA case.  Canales v. Norwich Serv. Station Inc., No. 20-CV-4759(JMW), 2021 WL 5759727, at *5 (E.D.N.Y. Dec. 3, 2021).

The other individual working on this case from my firm is Madeline Howard.  Ms. Howard graduated from CUNY School of Law in summer 2022.  She interned in the Labor Bureau of the New York Office of the Attorney General in 2021 and for the Member Legal Services program at AFSCME District Council 37 in 2022.  She performed labor and employment-focused clinical work in the Workers' Rights clinic at CUNY Law for two semesters.  Courts award $75 per hour for preadmission attorneys.  Dacas v. Duhaney, No. 17CV3568EKSMG, 2020 WL 4587343, at *4 (E.D.N.Y. June 18, 2020), report and recommendation adopted, No. 17-CV-3568(EK)(SMG), 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020)

The hours expended are appropriate as well.  My firm spent the following hours litigating this case, which are reflected in the timesheets attached as **Exhibit 3:**

| Name | Regular Hours | Regular Hourly Rate | Total |
| --- | --- | --- | --- |
| Michael Taubenfeld | 22.2 | $450.00 | $9,990.00 |
| Madeline Howard | 11 | $75.00 | $825.00 |
| Total | | | $10,815.00 |

The work performed in this case included drafting the complaint, responding to a premotion letter, negotiating a stipulation regarding periods of time applicable to each claim, appearing before the Court multiple times, drafting and responding to discovery requests, attending multiple meetings with the 7 Plaintiffs to discuss discovery and prepare for the mediation, attending the mediation, negotiating the settlement, revising the settlement agreement, and drafting the settlement approval documents.  The fees are therefore appropriate.

4

      *       *       *

Accordingly, the Court should approve the settlement as fair and reasonable.

Thank you for your attention to the above.

            Respectfully Submitted,

            --------------/s/--------------
            Michael Taubenfeld, Esq.

            Liz Schalet, Esq.

Encl.