UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HUIMIN LIANG, *et al.*,

        Plaintiffs,

v.

BIOREFERENCE LABORATORIES, INC.,

        Defendant.

**ORDER**
22-CV-00027 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    This case was brought by Plaintiffs Huimin Liang, Yu Jun Peng, Yuan Sang, Jia Lei Wang, Yan Ling Xu, Yun Zheng, and Wendy Zhong (collectively, "Plaintiffs") against their employer, Bioreference Laboratories, Inc. ECF No. 1. Plaintiffs assert claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id.* ¶¶ 129–38. Plaintiffs have also alleged that Defendant violated the NYLL by failing to provide each of them with a wage notice when they were hired and by failing to provide them with wage statements when they received their paychecks. *Id.* ¶¶ 139–43. The parties have submitted a proposed settlement of these claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 31.

    Plaintiffs have also asserted various claims under the federal Civil Rights Act, the New York State Human Rights Law, the New York City Human Rights Law, and the NYLL, which are predominantly based on allegations of discrimination on the basis of race, ethnicity, or national origin. *See* ECF No. 1 ¶¶ 102–28. The parties have separately settled these claims but have not presented that settlement for the Court's review or approval, and they assert that the Court's approval is not required. *See* ECF No. 31 at 1 n.1. The parties have not, for any of their

claims, sought to certify a class or collective action with respect to any of Defendant's other non-party employees.

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1] "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

*Id.* at 600. With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement. *Id.* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny. Plaintiffs are represented not only by a capable law firm that focuses on labor and employment law, but also by attorneys from the Legal Aid Society. ECF No. 31 at 1, 3–4. The parties engaged in substantial discovery and attended a mediation with a private mediator. *Id.* at 2. Plaintiffs' counsel is receiving only 16.4% of the settlement as attorneys' fees. *Id.* The amount of the settlement that Plaintiffs personally will receive exceeds the alleged total amount of their unpaid overtime. *Id.* This settlement amount reasonably discounts for the possibility that Plaintiffs might have been unable to prove: (i) the full amount of their alleged unpaid wages; (ii) that they were entitled to liquidated damages for the full amount of these wages; or (iii) that they were entitled to statutory damages for their wage notice and wage statement claims.

The Court finds that the remaining terms of the agreement, other than those involving monetary payments, are also reasonable. The release that Plaintiffs are giving to Defendant is not overly broad because it is limited to wage and hour claims that Plaintiffs asserted or could have asserted in this case. ECF No. 31-2 at 6–7. The full settlement has been publicly filed, and it contains no confidentiality provisions or provisions limiting Plaintiffs' ability to work in the

future.  *See* ECF No. 31-2.  The agreement contains a provision requiring Defendant to provide Plaintiffs with a neutral reference to prospective employers, but the agreement otherwise contains no non-disparagement provision or any restrictions on Plaintiffs' ability to discuss their claims or their experience working for Defendant.  *See id.* at 7.

Finally, the Court agrees with the parties that it need not review or approve their separate settlement of Plaintiffs' discrimination claims in order to approve the settlement of Plaintiffs' wage and hour claims.  Courts both in this District and elsewhere within the Second Circuit have concluded that when parties settle other claims separately from wage and hour claims, the settlement of the other claims does not require the court's approval.  *See Pavone v. Diesel U.S.A., Inc.*, No. 21-cv-5219, 2022 WL 1177344, at *2 (S.D.N.Y. Mar. 2, 2022) (approving settlement of FLSA and NYLL claims and holding that "the separate settlement of [plaintiff's] state law discrimination claims does not require judicial review"); *Seecharan v. Heritage Place LLC*, No. 20-cv-3898, 2021 WL 1299692, at *3 (E.D.N.Y. Mar. 15, 2021), *report and recommendation adopted*, 2021 WL 1299436 (E.D.N.Y. Apr. 7, 2021) (approving settlement of FLSA and NYLL claims without "examin[ing]" the parties' separate settlement of an "age discrimination claim"); *San-Martin v. Blumencranz*, No. 18-cv-4997, 2019 WL 13221254, at *1 n.5 (E.D.N.Y. Nov. 19, 2019) (approving settlement of FLSA and NYLL claims without reviewing the parties' separate settlement of "claims of sex discrimination and civil battery").

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve the parties' proposed settlement, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  *See* ECF No. 31.  The Court therefore accepts the parties' stipulation of

voluntary dismissal, *see* ECF No. 31-1, and dismisses Plaintiffs' claims with prejudice.  The

Clerk of Court is respectfully directed to close this case.

    SO ORDERED.

<u> /s/ Hector Gonzalez         </u>  
HECTOR GONZALEZ  
United States District Judge

Dated: Brooklyn, New York  
       February 5, 2023